IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONALD BARLOW,

    Petitioner,                      No. CIV S-09-2151 MCE GGH P

   vs.

D.K. SISTO,

    Respondent.                 FINDINGS AND RECOMMENDATIONS

_____/

*Introduction and Summary*

      The undersigned asked for briefing concerning whether the petition seeking review of the BPH denial of parole eligibility was moot. Given the unique circumstances of this case and its subsequent history, the undersigned concludes that it is moot.

*Facts*

      Petitioner was first found suitable for parole in April of 2004. However, that suitability finding was reversed by the Governor. Evidently, petitioner suffered denials thereafter at the BPH level up to 2007, although the present record does not reflect that. In the instant case, petitioner challenges the 2007 BPH decision that denied him parole eligibility. In 2008, however, the BPH did find petitioner suitable for parole (again), but the Governor, exercising his power pursuant to Cal. Penal Code § 3041.2 to revoke the parole suitability grant, again reversed

1

the BPH in February 2009.

*Discussion*

   Normally, the fact that petitioner would be found suitable in a later hearing than the one at issue, or even subsequently released due to a later Board/Governor's finding, would not moot the case in which a petitioner was seeking habeas relief from an earlier BPH denial. That is so because the earlier determination, if vacated, could well negate or mitigate any future parole period, i.e., petitioner would have expended his parole time while unduly incarcerated. See Stephenson v. Martell, 2009 WL 2824738 (E.D. Cal. 2009) ( MCE DAD) citing McQuillion v. Duncan, 342 F.3d 1012, 1015 (9th Cir. 2003). However, there is one extra scenario at work here. If the 2007 BPH unsuitability finding were overturned by this court, the remedy would be a re-hearing before the BPH [1] *and if successful, another review by the Governor*.

   This habeas petition did not involve a favorable Governor's review, since petitioner was denied at the BPH level, and petitioner does not complain about any gubernatorial action. Thus, the undersigned would be powerless to order the Governor to exercise a favorable review in the event the BPH reversed its own 2007 decision – the Governor would exercise his normal review of any favorable decision. The outcome of that review is not speculation– there is no basis to believe that the Governor, who reversed a favorable BPH determination in 2004 and 2009, the latter being at issue in Barlow v. Haviland, CIV-S-10-165 JAM GGH, would somehow

---

As set forth in Harvest v. Castro, 531 F.3d 737, 741-42 (9th Cir. 2008):
> In modern practice, however, courts employ a conditional order of release in appropriate circumstances, which orders the State to release the petitioner unless the State takes some remedial action, such as to retry (or resentence) the petitioner. See, e.g., Wilkinson v. Dotson, 544 U.S. 74, 89, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005) (Kennedy, J., dissenting) (describing the "common practice of granting a conditional writ," that is, "ordering that a State release the prisoner or else correct the constitutional error through a new hearing"); Herrera v. Collins, 506 U.S. 390, 403, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993) ("The typical relief granted in federal habeas corpus is a conditional order of release unless the State elects to retry the successful habeas petitioner, or in a capital case a similar conditional order vacating the death sentence.")

exercise a favorable review for a renewed 2007 decision. Issuing a conditional writ in this case would be an idle act.

In a situation where the court cannot grant any effective relief, a case is moot. <u>Service Employees Intern. Union v. National Union of Healthcare Workers</u>, _F.3d_, 2010 WL 891286 *4 (9th Cir. 2010). This is the situation here.

*Conclusion*

The undersigned recommends that the case be dismissed as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 29, 2010

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:gh:035
barlow2151.157